**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303
E-Mail: rnathan@nathanlawpractice.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEHA ABDULLAH, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ANNIE'S HOMEGROWN, INC.; and Does 1 through 10, Inclusive. | |
| Defendant. | |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, Saleha Abdullah ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Annie's Homegrown, Inc. ("Annie's Homegrown" or "Defendant"). Plaintiff makes the following allegations based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1. In 1989, Annie Withey founded Annie's Homegrown, Inc., which remains headquartered in Berkely, California. On its website, Annie's Homegrown states "Annie Withey believed that it is possible to build a socially conscious and successful business." The website goes on to further state: "We continue to make our delicious bunny treats with the same strict ingredient standards…we're still hopping around at our Berkeley HQ, and we're more determined than ever to be a force for good." Annie's Homegrown has become a household name and can be found at almost all retail stores, including Safeway, Walmart, and Target, although it was primarily was found at health conscious food stores such as Whole Foods and Trader Joe's.

2. In 2014, Annie's Homegrown partnered with General Mills, which made its products more accessible to consumers across the country. Annie's Homegrown represents that it is "[o]ur commitment to organic and growth helps us to improve soil health that benefits ecosystems, farmers, and bunny fans alike"…."*[w]e haven't compromised on a single thing – not our values, not our culture, and most certainly not our ingredients.* Annie's Homegrown is aware that its consumers rely on the representations that it makes the statement on its website *"Thanks for caring and holding us accountable."*

3. Among Annie's Homegrown's line of products, it manufactures, distributes, advertises and sells several products with specific representations that the products contain *"no preservatives"*. Among these purportedly no preservative products, include:

      a. Annie's Bernie's Farm Yummier Than Ever

      b. Annie's Organic Macaroni and Cheese Classic Cheddar Yummier Than Ever

      c. Annie's Organic Cheesy Ravioli

      4. Annie's Organic All Stars Pasta in Tomato & cheese Sauce

      d. Annie's Organic Bernie's Farm Fruit Snacks

      e. Annie's Organic Bunny Fruit Snacks Berry Patch

      f. Annie's Organic Frosted Oak Flakes

      g. Annie's Bunny Pasta Yummier Than Ever

      h. Annie's Raspberry Half Iced Tea Half Lemonade

      i. Annie's Spirals with Butter & Parmesan Macaroni and Cheese

      j. Annie's Mac & Trees Yummier Than Ever

      k. Annie's Organic Bernie O's Pasta in Tomato & Cheese Sauce

      l. Annie's Organic Flaky Biscuits

      m. Any other Annie's Homegrown products which claim that it contains no preservatives but does contain preservatives.

(collectively, the "Product" or "Products").

    4.    Consistent with Defendant's self-promotion as a leader in healthier organic related food, the front or back of the packaging of the Products state in prominent, lettering that contains *"no preservatives."* To reinforce the message that the Products do not contain artificial coloring, the front packaging of every Product displays pictures or other language that support the statement "*no preservatives*." Defendant's representations that its Products contain no preservatives are deceptive because Annie's Homegrown Products contain the preservatives tocopherol, ascorbic acid, and/or citric acid. This labeling deceives consumers into believing that they are receiving healthier, preservative-free food products, but Defendant's Products do not live up to these claims.

    5.    Contrary to the labeling, however, it is alleged that each of the Products contains preservatives.

6. Defendant's representations are false, misleading, unfair, unlawful, and are likely to deceive members of the public, and continues to do so. Defendant's practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), California's False Advertising Law, and Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"). In addition, Defendant's representations also give rise to Plaintiff nationwide class claims for fraud, unjust enrichment and breach of express warranty.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Products to hundreds of locations within this County and thousands of retail locations throughout California, where the Products are purchased by thousands of consumers every day.

8. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least one hundred (100) members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District.

## PARTIES

10. Plaintiff Saleha Abdullah is a citizen of California, residing in San Francisco. In the last approximately three (3) years, Ms. Abdullah made several purchases of the Products from various stores in and near San Francisco County and Contra Costa County, California. Prior to purchasing, Ms. Abdullah also saw, read and relied on the representation and warranty that the Products contained "no preservatives." Ms. Abdullah understood these representations to mean that the Products contained no preservatives. Ms. Abdullah purchased the Products at a substantial price premium, and would not have bought the product had she known that the labeling he relied on was false, misleading, deceptive and unfair. Ms. Abdullah would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "no preservative" labeling and marketing.

11. Defendant ANNIE'S HOMEGROWN, INC. is a corporation organized under the laws of Delaware located at Number One General Mills Blvd., Minneapolis, MN 55426 with its headquarters and principal place of business at 1610 Fifth Street, Berkeley, California 94710. Defendant produces, markets and distributes various Products across the United States. Among others, those products include Annie's Bernie's Farm Yummier Than Ever; Annie's Organic Macaroni and Cheese Classic Cheddar Yummier Than Ever; Annie's Organic Cheesy Ravioli; Annie's Organic All Stars Pasta in Tomato & cheese Sauce; Annie's Organic Bernie's Farm Fruit Snacks; Annie's Organic Bunny Fruit Snacks Berry Patch; Annie's Organic Frosted Oak Flakes; Annie's Bunny Pasta Yummier Than Ever; Annie's Raspberry Half Iced Tea Half Lemonade (Annie's Spirals with Butter & Parmesan Macaroni and Cheese); Annie's Mac & Trees Yummier Than Ever; Annie's Organic Bernie O's Pasta in Tomato & Cheese Sauce; and any other Annie's Homegrown products which claim that it contains no preservatives but does contain preservatives (the "Products"). Defendant knew that the labeling of the Products is false and misleading to a

reasonable consumer, because the Products contain tocopherol, ascorbic acid, and/or citric acid, and other preservatives which are inconsistent with the product labeling.

12. Does 1 through 10 are fictitious names. That the true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at this time, who therefore, sue said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

## FACTUAL ALLEGATIONS

13. Defendant represents to its consumers that the Products contain no preservatives. The Products actually contain citric acid and/or ascorbic acid, xantham gun, and tocopherols.

14. The FDA defines a chemical preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties."

15. The citric acid, ascorbic acid, and tocopherols function as preservatives in the Products. Citric acid, ascorbic acid, and tocopherols do not fall into any of the regulatory exemptions from the definition of a preservative.

16. The FDA expressly classifies citric acid, ascorbic acid, and tocopherols as preservatives in its Overview of Food Ingredients, Additives, and Colors[1].

---

[1] The Use of Ascorbic Acid as a Food Additive: Technical-Legal Issues, <u>Ital J Food Saf</u>. 2016 Jan 18; 5(1): 4313,

Ascorbic acid is used primarily as an antioxidant, which can provide multiple benefits to food products. Ascorbic acid ($C_6H_8O_6$) is an organic compound belonging to the family of monosaccharide. The low pH of ascorbic acid can help prevent microbial growth, thereby preventing spoilage and preserving freshness. For these reasons, ascorbic acid is a popular natural ingredient preservative used in a vast array of food products[2]. Ascorbic acid is also listed on the FDA's regulatory listing of chemical preservatives. See 21 CFR § 182.3013 (Subpart D).

17. Citric Acid serves the food and beverage industry as a preservative. Citric acid is naturally occurring acid found in fruit such as lemons and limes functions as a preservative in its organic state. Its high acidity makes it difficult for mold, bacteria, or any negatively impacting substance to survive. Citric acid is one of the most common preservatives and helps keep thousands of items fresh. "Citric acid is a natural acid found in fruits such as lemons, limes, peaches, plums, grapefruit and oranges. Citric acid is responsible for the tart taste in many citrus fruits and can be extracted by adding calcium oxide, which forms calcium citrate. Citric acid promotes healthy digestion, may prevent urinary tract infections, and is a natural preservative, according to the website Drugs.com[3]."

18. Tocopherols are also listed on the FDA's regulatory listing of chemical preservatives. See 21 CFR § 182.3890 (Subpart D).

19. By representing that the Products have no preservatives Defendant has taken advantage of consumers' preference for healthier foods with no preservatives. Consumers pay more for these foods, because of the perceived higher quality, health, and benefits associated with preservative-free foods.

20. Plaintiff and the Class Members reasonably relied on Defendant's false and/or misleading representations that the Products contain no preservatives. Plaintiff

---

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5076701/

[3] https://www.leaf.tv/articles/how-to-use-citric-acid-as-a-preservative/

and Class Members did not know and had no reason to know, that the Products were misbranded, false, and misleading and would not have bought the Products had they known the truth about them. Defendant's representations that Products contains no preservatives is material to a reasonable consumer, including Plaintiff and Class Members when deciding to purchase it and in fact was material to the purchase of the Products.

## CLASS ACTION ALLEGATIONS

21. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Products during the class period (the "Class"). Excluded from the Class is Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

22. Plaintiff also seeks to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass"). Excluded from the California Subclass are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

23. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class Members include, but are not limited to the following:

    a. whether Defendant misrepresented material facts concerning the Products on the label of every product;

    b. whether Defendant's conduct was unfair and/or deceptive;

    c. whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits

conferred upon them by Plaintiff and the Class and California Sub-Class;

d. whether Defendant breached express warranties to Plaintiff and the classes;

e. whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

24. Plaintiff's claims are typical of those of other Class Members because Plaintiff, like all members of the classes, purchased Defendant's Products bearing the natural representations and Plaintiff sustained damages from Defendant's wrongful conduct.

25. Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

28. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class Members are not parties to such actions.

# COUNT I
## Violation Of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*
### *(Injunctive Relief Only)*

29.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

30.  Plaintiff Abdullah brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

31.  This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

32.  Plaintiff Abdullah and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

33.  Plaintiff Abdullah, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

34.  The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

35.  As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Abdullah and the other members of the California Subclass that the Products contain no preservatives when in fact they are made with preservatives.

36.  As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

37. On May 1, 2019, Plaintiff Abdullah mailed a notice letter to Defendant consistent with California Civil Code § 1782(a). The letter was sent on behalf of Abdullah and all other persons similarly situated.

38. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Abdullah, on behalf of herself and all other members of the California Subclass, seeks injunctive relief due to Defendant's acts and practices.

## COUNT II

**Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*.**

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff Abdullah bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

41. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

42. Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

43. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

44. Defendant violated the "fraudulent" prong of the UCL by misrepresenting that the Products are "natural" when, in fact, they are made with synthetic ingredients.

45. Plaintiff Abdullah and the California Subclass lost money or property as a result of Defendant's UCL violations because: (a) they would not have purchased

the Products on the same terms if they knew that the Products were made with preservatives (b) they paid a substantial price premium compared to other food products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT III
### Violation Of California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, *et seq.*

46. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

47. Plaintiff Abdullah brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

48. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

49. Defendant committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting that the Products contain no preservatives when they in fact do.

50. Defendant knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

51. Defendant's actions in violation of §§ 17500, *et seq.* were false and misleading such that the general public is and was likely to be deceived. Plaintiff Abdullah and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Products

on the same terms if they knew that the Products were made with preservatives; (b) they paid a substantial price premium compared food products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT IV

### Breach of Express Warranty

52. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

53. Plaintiff brings this claim individually and on behalf of the proposed Class, and California Subclass against Defendant.

54. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products contain preservatives.

55. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Products, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

56. The Products do not conform to the express warranty because they contain ingredients that are unnatural and synthetic.

57. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class Members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products' ingredients; (b) they paid a substantial price premium based on Defendant's express warranties; and (c) the Products do not have the characteristics, uses, or benefits as promised because they contain preservatives.

## COUNT V

### Unjust Enrichment

58. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59. Plaintiff brings this claim individually and on behalf of the proposed Class, and California Subclass against Defendant.

60. Plaintiff and Class Members conferred benefits on Defendant by purchasing the Products.

61. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Products. Retention of those monies under these circumstances is unjust and inequitable because of Defendant's misrepresentations about the Products, which caused injuries to Plaintiff and members of the classes because they would not have purchased the Products if the true facts had been known.

62. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## COUNT VI

### Fraud

63. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiff brings this claim individually and on behalf of the proposed Class, and California Subclass against Defendant.

65. As discussed above, Defendant provided Plaintiff and Class Members with false or misleading material information about the Products by representing that

they contain no preservatives. Defendant made that misrepresentation knowing it was false.

66. Defendant's misrepresentations, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Products.

67. Defendant's fraudulent actions harmed Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of themselves and members of the Class, and California Subclass, as follows:

A. For an order certifying the nationwide Class, and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as Class and Subclass representatives; and naming Plaintiff's attorneys as Class Counsel representing the Class and Sub-Class Members;

B. For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

C. For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D. For injunctive relief enjoining the illegal acts detailed herein;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief; and

G. For an order awarding Plaintiff her reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 6, 2019                                Respectfully submitted,


**NATHAN & ASSOCIATES, APC.**


By: ___*/s/ Reuben D. Nathan*___
       Reuben D. Nathan

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303
E-Mail: rnathan@nathanlawpractice.com